

FILED

AUG 3 1 2017

Clerk, U.S. District Court
District Of Montana
Missoula

MICHAEL DANIELS,

Petitioner,

vs.

LEROY KIRKEGARD, TIMOTHY C. FOX,

Respondents.

Cause No. CV 17-18-GF-BMM-JTJ

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Petitioner Michael Daniels' application for writ of habeas corpus under 28 U.S.C. § 2254. Daniels is a state prisoner proceeding pro se.

## I. Procedural History

Daniels challenges a conviction for robbery handed down on August 30, 2001, in the Eighth Judicial District Court, Cascade County, Montana. Pet. (Doc. 1 at 2-3). Daniels originally was sentenced to a prison term of thirty-five years with five of the years suspended on the underlying robbery conviction. He received a consecutive ten-year sentence, with five years suspended, for use of a weapon. Daniels' total sentence was a forty-five year term of imprisonment to the Montana State Prison with ten years suspended. *Id.* at 3, ¶4. Daniels filed a direct appeal; the Montana Supreme Court affirmed the conviction. *State v. Daniels*, 2003 MT

247, 317 Mont. 331, 77 P. 3d 224.[1]

On April 6, 2004, the trial court held a sentence review hearing, one month before Daniels' twenty-first birthday, pursuant to §41-5-2510 of the Montana Youth Court Act. The court modified the suspended portion of Daniels' sentence which resulted in a net sentence of forty-five years with twenty years suspended. All other original conditions remained in place. See, *Daniels v. Kirkegard*, No. 16-0259, Or. at 2 (Mont. May 17, 2016).[2]

On June 9, 2004, Daniels filed a petition for postconviction relief arguing that the enhancement he received for use of a weapon was unlawful. The trial court denied the petition and the Montana Supreme Court affirmed. *Daniels v. State*, No. 04-795, 2005 MT 345N, 330 Mont. 401, 126 P. 3d 507.[3]

Daniels then filed a petition for writ of habeas corpus, challenging the 2001 conviction and the sentencing enhancement for use of a weapon. The Montana Supreme Court denied all of Daniels' claims and held that habeas relief was not available for Daniels to attack the validity of his sentence when he had previously exhausted his appellate remedies. *Daniels v. Kirkegard*, No. 16-0259, Or. at 3-4.

## II. Claims

Daniels first claims that his Fifth, Sixth, and Fourteenth Amendment rights

---

[1] This decision was filed on September 18, 2003.
[2] State court decisions available at: https://supremecourtdocket.mt.gov/search/ (accessed June 6, 2017).
[3] This decision was filed on December 28, 2005.

2

were violated, in contravention of the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), when the trial court enhanced his sentence for use of a weapon, without submitting the question to a jury and requiring proof beyond a reasonable doubt. (Doc. 1 at 5). Daniels also argues that both trial counsel and the trial court erred in 2004 by not identifying and applying *Apprendi* during his resentencing. *Id.* at 7-8.

### III. Analysis

Rule 4 of the Rules Governing Section 2254 Cases states "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Daniels was given notice and the opportunity to respond to the perceived untimeliness of his petition. But, for the reasons discussed below, Daniels' petition is time-barred. It is recommend that the petition be dismissed with prejudice.

**Federal Statute of Limitations**

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See,* 28 U.S.C. § 2244. Absent a reason to apply one of the other "trigger" dates in 28 U.S.C. § 2244(d)(1), Daniels' federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). Daniels did file a timely notice of appeal; his convictions were

3

affirmed on September 18, 2003. See, *Daniels v. State*, No. 04-795, 2005 MT 345N. But, Daniels also filed a petition for postconviction relief; the Montana Supreme Court's decision affirming the denial of the postconviction petition was entered on December 28, 2005.

Federal time is tolled while a state prisoner has a "properly filed application for State postconviction or other collateral review" pending in state court. 28 U.S.C. § 2244(d)(2). Although there is some question as to whether or not Daniels' federal timeclock began run at any time between the date his conviction became final on December 17, 2003, and the Montana Supreme Court's decision affirming the denial of his postconviction petition, in the interest of giving Daniels the benefit of all doubt, this Court will use the later date of December 28, 2005, as the date on which Daniels' federal time clock began. Thus, Daniels should have filed his federal petition on or before Friday, December 29, 2006. But, Daniels' federal habeas petition was not filed until February 28, 2017, more than ten years after the federal filing period had elapsed.

Daniels does not dispute this Court's calculation of the limitations period or argue that he is actually innocent. See generally, (Doc. 6). Thus, Daniels would have to establish he is entitled to statutory or equitable tolling to demonstrate his petition is timely.

### i. State Law Claims

As a preliminary matter, to the extent that Daniels attempts to argue that the state courts of Montana, including the district court and the Montana Supreme Court, erred in applying Montana law or Montana sentencing provisions, including the Montana Youth Court Act, to his case, the argument is unavailing. Federal habeas relief cannot be granted on the ground that a conviction or sentence violates the state constitution or state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)("Federal habeas corpus relief does not lie for errors of state law."); see also, *Peltier v. Wright*, 15 F. 3d 860, 861-62 (9th Cir. 1994). To the extent that Daniels attempts to advance arguments relative to violations of state law, see (Doc. 3 at 1-6) such claims are not cognizable in federal habeas.

### ii. Tolling

Daniels also argues that he should be entitled to habeas relief, because *Apprendi* was unknown to him and, apparently undiscovered by his trial counsel or the trial court at the time of his original sentencing, his 2004 resentencing, and his postconviction proceedings.[4] This argument still does not help Daniels around the federal limitations period. AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas

---

[4] Although Daniels asserts an *Apprendi* claim was never raised in the state courts, this statement is inaccurate, as discussed below at page 8.

5

cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. §2244(d)(1)(C). This provision, though, provides no assistance to Daniels. *Apprendi* was decided on June 26, 2000; one year before Daniels was sentenced.[5] To the extent that Daniels argues the purported sentencing error is based upon *Apprendi* as a newly recognized Constitutional right, the claim is time-barred because his federal petition was filed nearly seventeen years after *Apprendi* was decided.

AEDPA also provides that, in certain cases, the one-year limitation period can run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1)(D). It appears that Daniels seems to argue given his young age at the time of his original conviction, his lack of legal training, and the fact that he was allegedly unaware of *Apprendi,* should provide him relief. (Doc. 6 at 3). But "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006). "Equitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions

---

[5] Daniels first trial, which resulted in a hung jury, was held on September 18-20, 2000. Daniels second trial, which resulted in the conviction at issue here, occurred on February 20, 2001. *Daniels v. Kirkegard*, No. 16-0259, Or. at 1 (Mont. May 17, 2016).

6

swallow the rule." *Spitsyn v. Moore*, 345 F. 3d 796, 799 (9th Cir. 2003).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Under the first prong, the Court is hard-pressed to see how a seventeen year delay between the *Apprendi* decision and the filing of the federal petition demonstrates diligence.

But, Daniels also cannot establish an extraordinary circumstance preventing him from filing in this Court. Daniels seems to argue that because a claim of ineffective assistance of counsel was raised on direct appeal against his trial attorney, John Keith, this should constitute an extraordinary circumstance or new evidence to excuse the untimeliness. (Doc. 6 at 4). Daniels asserts that due to Keith's purported ineffectiveness, he was removed as Daniels' counsel and another attorney was appointed to handle the direct appeal. *Id.* Daniels seems to believe this lack of continuity of counsel adversely affected his overall case. He also explains that Keith was apparently having marital problems during this same time and that stress may have affected his representation. *Id.*

Daniels is correct that a claim of IAC was lodged against Keith on direct appeal. See, *State v. Daniels*, 2003 MT 247, ¶¶39-48, 317 Mont. 331, 77 P. 3d 224. Ultimately, the Montana Supreme Court found that Keith did not provide

7

deficient performance for failure to object, but that the remainder of the claim was not appropriate for direct review. Even if Daniels were able to show that trial counsel or postconviction counsel provided deficient performance, such a showing might potentially excuse a procedural default of his present claims,[6] but it still does nothing to cure the untimeliness of his petition.

What is ultimately fatal to Daniels' argument before this Court, however, is that he knew of the *Apprendi* decision, at least as early as February of 2005.[7] He cited to the very decision and discussed it at length in his pro se brief appealing the denial of his postconviction petition. See, Appellant's Br., 2005 WL 607949, at 3-5, 7-10 (filed Feb. 18, 2005). Had Daniels filed his federal habeas petition within the year following the Montana Supreme Court's December 2005 decision affirming the denial of his state postconviction petition, this Court would have had the jurisdiction to address the merits of his claims. But Daniels' knowledge and understanding of *Apprendi* in 2005, defeats any present showing he attempts to make regarding the applicability of equitable tolling.

IV. **Conclusion**

Daniels' claims are untimely and his failure to comply with the federal

---

[6] See, *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d. 272 (2012) (inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial).
[7] Because the postconviction petition that was filed with the trial court is not in the record, it is unclear whether or not Daniels also included an *Apprendi* argument in the petition he filed at the trial level in 2004.

8

limitations period cannot be excused. Daniels' petition should be dismissed with prejudice at time-barred.

V.   **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

Although the *Apprendi* claim advanced by Daniels may make a substantial showing that he was deprived of a constitutional right; the petition is time-barred by over a decade and no reasonable jurist would find his claims timely. Thus, there is no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court issues the following:

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DISMISSED WITH PREJUDICE as time-barred without excuse.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Daniels may object to this Findings and Recommendation within 14 days.[8] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Daniels must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 31st day of August, 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[8] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Daniels is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.