IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL DANIELS,<br><br>Petitioner,<br><br>v.<br><br>LEROY KIRKEGARD, TIMOTHY C. FOX,<br><br>Defendants. | CV-17-18-GF-BMM-JTJ<br><br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Petitioner Michael Daniels has applied for writ of habeas corpus under 28 U.S.C. § 2254. United States Magistrate Judge John Johnston issued Findings and Recommendations in this matter on August 31, 2017. (Doc. 8.) Judge Johnston recommended that the Court dismiss Daniels' petition with prejudice as time-barred without excuse. *Id.* at 10.

The Court reviews de novo findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). Portions of findings and recommendations not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections, however, constitute perfunctory

1

responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original response, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Daniels filed an objection. (Doc. 9.) The document contained substantial re-hashing of his arguments regarding *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id.* at 1-3. Daniels also alleges that the implication of a constitutional right in his petition should overcome his petition's untimeliness. *Id.* at 3-4. The Court notes that Mr. Daniels was provided notice and the opportunity to respond regarding the timeliness issue. (Docs. 8 at 3; 5; 6) He raised similar arguments at that time. (Doc. 6 at 1-2.) Thus, the Court finds no specific objections that are not an attempt to rehash the same arguments, and will review the Findings and Recommendations for clear error.

## I. BACKGROUND

Daniels challenges a conviction for robbery in Montana's Eighth Judicial District Court, Cascade County, on August 30, 2001. (Doc. 1 at 2-3.) The court originally sentenced Daniels to thirty-five years, with five years suspended. (Doc. 1 at 3.) He also received a consecutive ten years sentence, with five years suspended, for use of a weapon. *Id*. The trial court modified Daniels' sentence to

2

forty-five years with twenty years suspended on April 6, 2004, pursuant to § 41-5-2510 of the Montana Youth Court Act. *Id.* at 7.

Daniels filed a direct appeal, and his conviction was affirmed by the Montana Supreme Court on September 18, 2003. *State v. Daniels*, 2003 MT 247, 317 Mont. 331, 77 P. 3d 224. Daniels also filed a petition for postconviction relief arguing that the weapons enhancement was unlawful. (Doc. 8 at 2.) The trial court denied his petition, and the Montana Supreme Court affirmed on December 28, 2005. *Daniels v. State*, No. 04-795, 2005 MT 345N, 330 Mont. 401, 126 P. 3d 507. The Montana Supreme Court denied Daniels' subsequent petition for a writ of habeas corpus on the grounds that Daniels had not demonstrated that his sentence is illegal on May 17, 2016. *Daniels v. Kirkegard*, No. 16-0259, Or. at 3-4.

Daniels alleges that his Fifth, Sixth, and Fourteenth Amendment Rights were violated. (Doc. 1 at 5.) He specifically claims that the trial court erred in applying a weapons enhancement to his sentence without submitting the question to the jury and requiring proof beyond a reasonable doubt in violation of the rule in *Apprendi*. *Id.* He also argues that his trial counsel and the trial court should have applied *Apprendi* at his 2004 re-sentencing. *Id.* at 7.

## II. DISCUSSION

Judge Johnston recommends that the Court dismiss Daniels' petition with prejudice as untimely without excuse.

3

**A. Timeliness**

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. Giving Daniels the benefit of all doubt, Judge Johnston found that sentence became final on December 28, 2005, the date the Montana Supreme Court affirmed denial of his postconviction petition. (Doc. 8 at 4.) Judge Johnston also found that Daniels did not file his federal habeas petition for more than ten years after his sentence was finalized. *Id.*

The Court agrees with and adopts Judge Johnston's analysis and determination that statutory tolling brings Daniels' claim within the one-year limitation. (Doc. 8 at 5-6.) The Court further agrees with and adopts Judge Johnston's analysis and determination that Daniels has failed to show he is entitled to equitable tolling. *Id.* at 6-8. Daniels' petition is untimely.

With regard to Mr. Daniels' argument that the implication of a constitutional right should defeat the statute of limitations, this Court notes that the entire function of 28 U.S.C. § 2254 is to provide redress for violations of constitutional rights. 28 U.S.C. § 2254(a). Yet, Congress enacted the corresponding 28 U.S.C. § 2244(d)(1), which sets a one-year statute of limitations for such claims. As such, Daniels has failed to demonstrate any extraordinary circumstance prevented him from filing in this Court in the ten years since his conviction became final, or the

4

twelve years since the record demonstrates he became aware of *Apprendi*. (Doc. 8 at 8.)

## III. ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 8) is **ADOPTED IN FULL**. Daniels' petition is **DISMISSED WITH PREJUDICE** as time-barred without excuse.

The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

A certificate of appealability is **DENIED**.

DATED this 25th day of September, 2017.

Brian Morris
United States District Court Judge